IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH B. ELAD, | : |
| Plaintiff, | : |
| v. | : Civ. No. 23-1360-GBW |
| TRUIST BANK, et al., | : |
| Defendants. | : |

Joseph B. Elad, Claymont, Delaware. Pro Se Plaintiff.

Brittany M. Giusini, Ballard Spahr LLP, Wilmington, Delaware. Counsel for Defendants Joshua Collins, Ballard Spahr LLP, Brittany M. Giusini, Jessica Hepburn, and Elizabeth A. Sloan.

Lorin Huerta, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Lisa G. Fontello, Judge Eric M. Davis, Judge Vivian L. Medinilla, Colleen Redmond, Justice Gary F. Traynor, and Judge Danielle J. Brennan.

Helene Elizabeth Episcopo, New Castle County Office of Law, New Castle, Delaware. Counsel for Defendants Sheriff Scott T. Phillips, Ron Fiorvanati, and Michael E. Kozikowski.

Chase N. Miller, McCabe Weisberg & Conway P.C., Wilmington, Delaware. Counsel for Defendants Janet Z. Charlton and McCabe Weisberg & Conway, P.C.

**MEMORANDUM OPINION**

June 17, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Joseph B. Elad, proceeding *pro se*, brings this action challenging adverse judgments in state court foreclosure proceedings against him and his wife, and related proceedings. The Amended Complaint (D.I. 14) is the operative pleading. Plaintiff names seventeen Defendants, ranging from state court judges to court and county employees to financial institutions to attorneys and law firms. He seeks to add additional Defendants. (D.I. 28, 57). Before the Court are motions to dismiss filed by three sets of Defendants (D.I. 15, 34, 53), and a plethora of motions filed by Plaintiff (D.I. 22, 26, 28, 31, 32, 52, 55, 57, 59, 61).

## II. BACKGROUND

The underlying state court proceedings—i.e., the initial foreclosure proceedings and the related actions filed by Plaintiff—have been well recounted by the judges and justices of those courts. *See In re Elad for A Writ of Habeas Corpus*, 312 A.3d 735 (Del. Supr. Ct. 2024); *Truist Bank v. Elad*, 2023 WL 8543413 (Del. Super. Ct. Dec. 11, 2023); *Truist Bank v. Elad*, 2023 WL 8582664 (Del. Super. Ct. Dec. 11, 2023); *Truist Bank v. Elad*, 2023 WL 7276648 (Del. Super. Ct. Nov. 3, 2023); *Truist Bank v. Elad*, 2023 Del. Super. LEXIS 855 (Del. Super. Ct. Nov. 3, 2023); *Branch Banking & Trust Co. v. Elad*, 2022 WL 3442214 (Del Super. Ct. Aug. 17, 2022).

1

In his Amended Complaint, Plaintiff purports to bring claims under the First, Third, Fourth, Fifth, and Fourteenth Amendment of the Constitution, based on the alleged conduct of Defendants as it relates to the foreclosure and related proceedings, as well as he and his wife's eventual eviction from the property. Based on Plaintiff's invocation of these Constitutional Amendments, the Court construes the action as having been brought under 42 U.S.C. § 1983. Plaintiff also purports to bring claims under various federal criminal statutes, the Hobbs Act, and the Administrative Procedure Act.

For relief, he seeks $81 million in damages, a grand jury to investigate the foreclosure process in Delaware and judicial bias therein.

Three sets of Defendants have filed motions to dismiss—the State Defendants (D.I. 53), the Ballard Defendants (D.I. 34), and the New Castle County Defendants ("NCC Defendants") (D.I. 15). Defendants Janet Charlton and the law firm McCabe Weisberg & Conway, P.C. (the "non-moving Defendants") have not filed a motion to dismiss; they did, however, file an Answer to the Amended Complaint. (D.I. 38).

## III. LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to

3

draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

The Defendant judges and justices are entitled to judicial immunity from Plaintiff's allegations. *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of [her] duties has absolute immunity from suit and will not be liable for [her] judicial acts.") (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). Similarly, the Defendant court prothonotaries are entitled to quasi-judicial immunity against Plaintiff's allegations because it was clear they were acting in accordance with their duties or at the direction of a judicial officer. *See Gallas v. Supreme Court of Penn.*, 211 F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for release of information ordered by a judge); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) (prothonotary, acting under court direction, was immune from suit).

Along the same lines, the NCC Defendants are entitled to categories of immunity based on Plaintiff's allegations against them. *See Nemeth v. Office of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 928 (3d Cir. 2020)

4

(holding that a sheriff was entitled to quasi-judicial immunity for executing a facially valid deed of foreclosure); *Villarreal v. New Jersey*, 803 F. App'x 583, 588 (3d Cir. 2020) ("Law enforcement officials executing a facially valid court order are protected by absolute quasi-judicial immunity.") (internal quotation marks and citation omitted); *Smith v. Laster*, 787 F. Supp. 2d 315, 319 (D. Del. 2011) (holding that a recorder of deeds was entitled to absolute immunity for following the orders of a judge in rescinding two deeds and reinstating a prior deed).

With regard to the claims against the remaining Defendants, all of whom are private citizens or entities, to the extent that this Court has federal question jurisdiction,[1] Plaintiffs has failed to state any claims because none of these Defendants acted under the color of state law for purposes of § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (per curiam). Accordingly, the remaining Defendants, including the non-moving Defendants, will be dismissed.

Furthermore, Plaintiff's efforts to bring civil claims against Defendants under federal criminal laws fail. The Third Circuit has long held that the hate crime law cited by Plaintiff is a criminal statute, which does not confer a private

---

[1] *See Itiowe v. Trentonian*, 620 F. App'x 65, 67 n.2 (3d Cir. 2015) (per curiam) (noting that dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction may be appropriate where a plaintiff brings constitutional claims against non-state actors without plausibly alleging that they acted under the color of state law); *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

right of action. *See United States v. City of Philadelphia*, 644 F.2d 187, 198-99 (3d Cir. 1980) (holding that there is no private right of action under 18 U.S.C. § 241); *see also Lusick v. Lawrence*, 378 F. App'x 118, 121 (3d Cir. 2010) (per curiam) ("Lusick's reliance on 18 U.S.C. § 241[,] [which] criminaliz[es] conspiracy to impede the exercise of federal rights[,] is inappropriate, as that statute does not give rise to a cognizable federal claim in a civil suit"); *Walthour v. Herron*, 2010 U.S. Dist. LEXIS 44221, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (holding that there is no private right of action under 18 U.S.C. § 241).

Furthermore, a private party has no right to enforce criminal statutes, and the Amended Complaint therefore fails to state a claim in Plaintiff's attempts to invoke criminal statutes in this civil suit. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86, 102 S. Ct. 69, 70 L. Ed. 2d 65 (1981) (per curiam); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). Accordingly, the claims based on alleged violations of criminal statutes will be dismissed.

Finally, the Administrative Procedure Act and Hobbs Act are wholly inapplicable to the facts alleged here.

## V. CONCLUSION

For the above reasons, the Court grants Defendants' motions to dismiss, denies Plaintiff's pending motions, and *sua sponte* dismisses the non-moving Defendants. Amendment is futile.

The Court will issue an Order consistent with this Memorandum Opinion.